```
             IN THE UNITED STATES DISTRICT COURT FOR
            THE DISTRICT OF MARYLAND, NORTHERN DIVISION

                                *
STEVEN T. WHITE,
                                *
     Plaintiff,
v.                              *

NORFOLK SOUTHERN RAILWAY        *    CIVIL NO.: WDQ-06CV-1098
COMPANY, INCORPORATED
et al.,                         *

     Defendants.                *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION

Steven White has sued Norfolk Southern Railway ("Norfolk Southern"), Jones-Hamilton Company ("Jones-Hamilton"), and Helm Financial Corporation ("Helm") for negligence. Pending are Helm's motion to dismiss for lack of personal jurisdiction and White's motion to conduct jurisdictional discovery. For the following reasons, Helm's motion will be denied, without prejudice and White's motion will be granted.

I. Background

On March 11, 2004, Steven White was injured while working on freight railcar HLMX 377002 (the "railcar") in Salisbury, Maryland. Compl., ¶ 7. At the time of the accident, the railcar was owned by Helm, had been leased by Jones-Hamilton[1] and

---

[1] Helm leased the railcar to Jones-Hamilton on July 1, 2003. Second Ogburn Decl., Ex. 1, Schedule No. 1. For the duration of the lease, Helm had no control over the physical location of the

1

transported to Maryland by Norfolk Southern.  White has sued Helm, Jones-Hamilton and Norfolk Southern alleging that his injuries were the result of their negligence.

II.  Analysis

Helm has moved to dismiss the Complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).  White has opposed the motion and, in the alternative, moved for jurisdictional discovery.

A.  Rule 12(b)(2)

Federal Rule of Civil Procedure 12(b)(2) allows the Court to dismiss a claim for lack of personal jurisdiction.  The plaintiff bears the burden of proving the grounds for jurisdiction by a preponderance of the evidence.  *Carefirst of Maryland v. Carefirst Pregnancy Centers, Inc.*, 334 F.3d 390,396 (4th Cir. 2003); *Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 59-60 (4th Cir. 1993); *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989).  When the Court decides a pretrial personal jurisdiction motion without an evidentiary hearing, the plaintiff need only make a prima facie showing of personal jurisdiction.  *Carefirst,* 334 F.3d at 396; *Combs,* 886 F.2d at 676  In deciding whether the plaintiff has made the requisite showing, the court must construe

---

railcar.  Second Ogburn Decl. at ¶ 4.

Case 1:06-cv-01098-WDQ   Document 21   Filed 07/27/06   Page 3 of 7

all disputed facts and draw all inferences in favor of the plaintiff. *Id.*

The exercise of personal jurisdiction over a nonresident defendant must comply with the requirements of Maryland's long-arm statute and the Due Process Clause of the Fourteenth Amendment. *Carefirst,* 334 F.3d at 396; *Hill v. Brush Engineering*, 383 F.Supp.2d 814, 817 (D.Md. 2005). As Maryland's long-arm statute (Maryland Code Annotated, Courts & Judicial Procedure § 6-103) permits the exercise of personal jurisdiction to the limits set by the Due Process Clause, the statutory and constitutional inquiries are the same. *Carefirst,* 334 F.3d at 396; *Hill,* 383 F.Supp.2d at 817; *Mohamed v. Michael*, 279 Md. 653, 370 A.2d 551, 553 (Md. 1977); *Geelhoed v. Jensen*, 277 Md. 220, 224, 352 A.2d 818 (Md. 1976).

Under the Due Process Clause, a court can exercise jurisdiction only if the defendant has had such minimum contacts with the forum that subjecting him to jurisdiction there does not offend traditional notions of fair play and substantial justice. *Carefirst,* 334 F.3d at 397 (*citing Int'l Shoe Co. v. Wash.*, 326 U.S. 310 (1945)). The quality and nature of the defendant's contacts with the state must be such that the defendant could reasonably expect to be haled into court there. *Shamsuddin v. Vitamin Research Products,* 346 F.Supp.2d 804, 807 (D.Md. 2004).

The minimum contacts necessary to support jurisdiction

depends on whether the plaintiff asserts general or specific personal jurisdiction over the defendant. *Id.* If the suit arises out of defendant's contacts with the state, the court may exert specific jurisdiction over the defendant. *Helicopteros Nacionales de Colombia., S.A., v. Hall*, 466 U.S. 408, 414-415 (1984); *Carefirst,* 334 F.3d at 397. In determining whether specific jurisdiction exists, courts consider: 1) the extent to which the defendant has purposefully availed itself of the privilege of conducting activities in the state; 2) whether the plaintiffs' claims arise out of those activities directed at the state; and 3) whether the exercise of personal jurisdiction would be constitutionally reasonable. *Carefirst*, 334 F.3d at 397; *ALS Scan, Inc. v. Digital Service Consultants, Inc.,* 293 F.3d 707 (4th Cir. 2002).

General jurisdiction may be asserted in a suit unrelated to the defendant's contacts with the forum if the defendant maintains "continuous and systematic" contacts with the state. *Helicopteros*, 466 U.S. 408, 414-415; *Carefirst,* 334 F.3d at 397. A court must look at the facts of each case to determine whether a defendant's activities within a state are continuous and systematic. *LSI Industries v. Hubbell Lighting, Inc.,* 232 F.3d 1369, 1375 (Fed. Cir. 2000). Single or isolated activities in a state are not enough to establish general jurisdiction. *International Shoe,* 326 U.S. at 317; *Nichols v. G.D. Searle &*

4

*Company,* 991 F.2d 1195, 1199 (4th Cir. 1993).  Rather, the defendant's contacts with the forum state must be "extensive, continuous and systematic."  *Tyler v. Gaines Motor Lines, Inc.*, 245 F.Supp.2d 730 (D. Md. 2003).

B.  Specific Jurisdiction

White argues that the Court may exercise specific personal jurisdiction over Helm because it purposefully availed itself of the forum when it leased the railcar to Jones-Hamilton.  Helm argues in response that none of its conduct was purposefully directed at Maryland.

Helm is a California corporation; Jones-Hamilton has its principal place of business in Ohio.  Compl., ¶ 3-4.  There is no allegation that Helm advertised in Maryland nor that the lease for the railcar was negotiated in this district.  The railcar itself was delivered to Jones-Hamilton at a location in Indiana and Helm had no control over the railcar after it was delivered.[2]  Second Ogburn Decl., ¶ 3, First Ogburn Decl., ¶ 4.  Although White contends that "Helm knew [the] railcar would traverse the rails in Maryland", there is no evidence that Jones-Hamilton

---

[2] Although Helm agreed to pay for repairs to the railcar, Helm employees do not inspect the railcars until after the lease period has ended and Helm employees do not maintain or repair the railcars.  Second Ogburn Declaration, ¶ 4-10.  Instead, the railroad on which a railcar is traveling inspect and repair the railcars and then bill the owner for the cost of the repairs.  *Id* at ¶ 7.

5

regularly does business in Maryland or that Helm knew where the railcar would be used.

Although Helm's railcar made its way to Maryland, there is no evidence that Helm purposefully directed its activities at the state. Accordingly, the Court cannot exercise specific personal jurisdiction over Helm.

C.  General Jurisdiction

White argues that the Court may properly exercise general personal jurisdiction over Helm because the company has maintained continuous and systematic contacts with the state. Specifically, White contends that Helm has an extensive relationship with CSX Transportation ("CSX"), which operates railyards and freight tracks throughout Maryland. Davis Certification, ¶ 4-6. Helm argues in response that it has not leased railroad equipment "for the purpose of taking [it] into the state of Maryland" and, therefore, the Court may not exercise general jurisdiction. Helm's Reply Brief, p. 12.

Helm does not dispute that it leases equipment to CSX or that CSX has extensive contacts with this district. Although Helm contends that it has not leased railcars or locomotives for the purpose of taking them into the state, the extent of CSX's business in Maryland, the extent of the relationship between Helm and CSX, and the structure of the agreements between Helm and

6

CSX, *inter alia*, remain unclear.

Given the relationship between CSX and Helm and construing all disputed facts and drawing all inferences in favor of Helm, the Court finds that there may be such systematic and continuous contacts between Helm and the state of Maryland that Helm could reasonably expect to be haled into court in this district. Accordingly, Helm's motion to dismiss will be denied without prejudice and may be refiled after discovery on the issue of jurisdiction.

<u>July 27, 2006</u>                               <u>        /s/              </u>
Date                                    William D. Quarles, Jr.
                                        United States District Judge